|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROSS MILLER,<br><br>                Plaintiff,<br><br>   v.<br><br>THURSTON COUNTY; NICOLAS ANDERSEN; JOEL NAULT,<br><br>                Defendant. | Case No. 3:23-cv-05745-TMC<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL |

      Before the Court is pro se Plaintiff Timothy Ross Miller's third motion to appoint counsel. Dkt. 27. For the reasons explained below, the Court DENIES Mr. Miller's motion.

## I.    BACKGROUND

      Mr. Miller filed this case on August 20, 2023. Dkt. 1. He has filed two previous applications for court-appointed counsel on October 13, 2023 (Dkt. 15), and April 11, 2024. Dkt. 23. His complaint asserts claims under 42 U.S.C. § 1983 alleging Defendants wrongfully arrested him when responding to his 911 call for a domestic violence incident, resulting in violations of his First, Second, Fourth, and Fourteenth Amendment rights. Dkt. 1, 3.

      Mr. Miller requests court-appointed counsel in the instant motion for the same reasons previously stated, *compare* Dkt. 27 *with* Dkt. 15, 23. He restates that he has unsuccessfully

ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL - 1

sought legal representation since early 2022. Dkt. 27 at 2. Mr. Miller notes in support of his application that he has contacted "over 300 attorneys" and that he has also contacted the Institute for Justice and the ACLU. *Id*. He has appended nine exhibits to his application: a longer statement (compared to his previous motion for court-appointed counsel) recounting his factual allegations as a demonstration of merit (*compare* Dkt. 27-1 *with* Dkt. 23 at 4), a financial affidavit (Dkt. 27-2), and seven exhibits including police incident reports, correspondence, and photographs that appear related to Mr. Miller's complaint. *See* Dkt. 27-3–9.

## II.   DISCUSSION

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied* 545 U.S. 1128.

While any litigant "certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. They must demonstrate that they are unable to articulate their position due to the complexity of claims. *See Rand*, 113 F.3d at 1525.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. While the Court appreciates Mr. Miller's continued application for counsel and the additional information he has provided, his case does not meet the standard for appointment of counsel for the following reasons:

First, the information provided with Mr. Miller's motion shows this case does not present extraordinarily complex facts or legal issues. *See* Dkt. 27-1, 27-3–9. Mr. Miller's complaint alleges Defendants violated his First, Second, Fourth, and Fourteenth Amendment rights by wrongfully arresting him when responding to his 911 call for a domestic violence incident. Dkt. 1. The additional information provided in this motion (*see* Dkt. 27-3–9), and Mr. Miller's recounting of his claims (*see* Dkt. 27-1), show that he can articulate the legal issues of his case and point to supporting evidence without the assistance of court-appointed legal counsel. The Court can understand his claims and what evidence he contends supports them.

Second, Mr. Miller's renewed motion does not identify new circumstances rendering his case "exceptional" or of such complexity that warrants appointment of counsel. As also discussed above, Mr. Miller has so far demonstrated he is able to file pleadings and motions in the case. And the contents of his filings continue to demonstrate his sufficient grasp of the legal issues involved and ability to articulate the factual bases of his claims. Mr. Miller's motion does not indicate changed circumstances or new facts. Mr. Miller has not established the exceptional circumstances that allow the Court to appoint counsel in a civil case. *See Rand*, 113 F.3d at 1525.

### III.   CONCLUSION

The Court has evaluated Mr. Miller's claims and circumstances. This case lacks

exceptional circumstances warranting the appointment of counsel.

The Court DENIES Mr. Miller's third motion to appoint counsel. Dkt. 27.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of June, 2024.

Tiffany M. Cartwright
United States District Judge