UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROSS MILLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THURSTON COUNTY; NICOLAS ANDERSEN; JOEL NAULT,<br><br>　　　　　Defendant. | Case No. 3:23-cv-05745-TMC<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION TO APPOINT COUNSEL |

Before the Court is pro se Plaintiff Timothy Ross Miller's fourth motion to appoint counsel. Dkt. 31. For the reasons explained below, the Court DENIES Mr. Miller's motion.

I.  **BACKGROUND**

Mr. Miller filed this case on August 20, 2023, Dkt. 1, and three previous applications for court-appointed counsel on October 13, 2023 (Dkt. 15), April 11, 2024 (Dkt. 23), and May 19, 2024 (Dkt. 27). His complaint asserts claims under 42 U.S.C. § 1983 alleging Defendants wrongfully arrested him when responding to his 911 call for a domestic violence incident, resulting in violations of his First, Second, Fourth, and Fourteenth Amendment rights. Dkt. 1, 3.

Mr. Miller requests court-appointed counsel in the instant motion for the same reasons previously stated, *compare* Dkt. 31 *with* Dkt. 15, 23, 27. He restates that he has unsuccessfully

ORDER DENYING PLAINTIFF'S FOURTH MOTION TO APPOINT COUNSEL - 1

sought legal representation since early 2022. Dkt. 31 at 2. He has appended an exhibit to this application that summarizes his factual allegations as an explanation of the complexity of his case (*compare* Dkt. 31-1 *with* Dkt. 27-1–9). The Court has reviewed his submission.

## II.   DISCUSSION

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied* 545 U.S. 1128. While any litigant "certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. They must demonstrate that they are unable to articulate their position due to the complexity of claims. *See Rand*, 113 F.3d at 1525.

The Court's resources for appointing counsel are limited and must be reserved for those

cases meeting the standard discussed above. The Court notes that Mr. Miller's continued application for counsel has provided additional information but his core claims remain the same. His case does not meet the standard for appointment of counsel for the following reasons:

First, Mr. Miller's fourth motion provides the Court with similar information as his previous motions with which evaluate the likelihood of success of his case on the merits. The information provided does not present extraordinarily complex facts or legal issues. *See* Dkt. 27-1, 27-3–9. Mr. Miller's complaint alleges Defendants violated his First, Second, Fourth, and Fourteenth Amendment rights by wrongfully arresting him when responding to his 911 call for a domestic violence incident. Dkt. 1. The additional restatement of facts and claims provided in this motion (*see* Dkt. 31-1) reaffirm that he is able to articulate the legal merits of his case and point to supporting evidence without the assistance of court-appointed legal counsel.

Second, Mr. Miller's renewed motion does not identify any change in circumstances or facts that would render his case "exceptional" or of such complexity that warrants appointment of counsel. Mr. Miller has continued to demonstrate his ability to file pleadings and motions in this case: including, most recently, discovery requests that the Court is reviewing (*see* Dkt. 32). Mr. Miller has not shown an inability to represent himself. *See Agyeman*, 390 F.3d at 1103–04.

While Mr. Miller may benefit from the assistance of legal counsel as a pro se litigant, he certainly has no right to court-appointed counsel. *See Storseth*, 654 F.2d at 1353. The case does not meet the requirements for complexity, nor has Mr. Miller shown an inability to represent himself, such that appointed counsel is required. *See Rand*, 113 F.3d at 1525.

### III.   CONCLUSION

The Court has reevaluated Mr. Miller's claims and circumstances. This case lacks the circumstances warranting appointment of counsel.

The Court DENIES Mr. Miller's fourth motion to appoint counsel. Dkt. 31.

The Court encourages Mr. Miller to review this District's resources for pro se litigants available at https://www.wawd.uscourts.gov/representing-yourself-pro-se; and to consult with the Federal Bar Association's neighborhood legal clinics, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of July, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PLAINTIFF'S FOURTH MOTION TO APPOINT COUNSEL - 4