UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROSS MILLER, <br><br> Plaintiff, <br><br> v. <br><br> THURSTON COUNTY; NICOLAS ANDERSEN; JOEL NAULT, <br><br> Defendant. | Case No. 3:23-cv-05745-TMC <br><br> ORDER DENYING MOTION FOR CONTEMPT AND CROSS-MOTION FOR SANCTIONS |

## I.   INTRODUCTION AND BACKGROUND

Pro Se Plaintiff Timothy Ross Miller was arrested on September 17, 2020 following a domestic violence incident. Dkt. 39-1 at 6. Mr. Miller was later charged with assault in the fourth degree (domestic violence) and malicious mischief in the third degree (domestic violence). Dkt. 39-2 at 2. Officials also issued a No Contact Domestic Violence Order, which Mr. Miller violated twice. *See* Dkt. 39-3 at 2; Dkt. 39-4 at 2; Dkt. 38 at 3. Mr. Miller ultimately pleaded guilty to violating the Order, and, in exchange, the Thurston County Prosecuting Attorney's Office dropped the other charges. Dkt. 38 at 3–4. Mr. Miller then sued in this Court, alleging that the Officers and Thurston County had violated his constitutional rights. Defendants moved for summary judgment. Dkt. 38. On November 14, 2024, the Court granted their motion. Dkt. 54.

ORDER DENYING MOTION FOR CONTEMPT AND CROSS-MOTION FOR SANCTIONS - 1

Before the Court's order, Mr. Miller moved for contempt against Defendants. Dkt. 52. Mr. Miller alleges that Defendants' counsel told him the night before a scheduled deposition that he would be arrested if he showed because of an outstanding warrant against him. *Id.* at 1-2. Defense counsel explains that, the evening before the deposition, a Sheriff's Deputy informed him of the outstanding warrant. Dkt. 53 at 2. He reached out to Mr. Miller to advise him about the risks and his rights. *Id.* He suggested that Mr. Miller resolve the warrant and reschedule the deposition. *Id.* Mr. Miller, proceeding pro se, replied that he would instead send a "trusted representative" to conduct the deposition. Dkt. 52 at 2. Defense counsel explained that, under the Federal Rules of Civil Procedure, only a party or an attorney could conduct the deposition. Dkt. 53 at 2. Mr. Miller disagreed and refused to comply. *Id.*; Dkt. 52 at 2. Defendants and their attorney arrived to the deposition. Dkt. 53 at 2. Upon realizing that neither Mr. Miller nor an attorney representative were present, they promptly left. *Id.*

In response, Mr. Miller moved for contempt. Defendants cross-moved for sanctions under both Federal Rule of Civil Procedure 11 and Rule 26. Dkt. 53. Each party requests that the other party reimburse associated costs. Dkt. 52 at 3; Dkt. 53 at 4. The motions are ripe for this Court's review. For the following reasons, both the Motion for Contempt, Dkt. 52, and the Motion for Sanctions, Dkt. 53, are DENIED.

## II.  DISCUSSION

### A.  Motion for Contempt

In his Motion for Contempt, Mr. Miller requested "the court to hold defendants' in contempt for failure to comply with the courts order to meet and confer in good faith as defendants' should have been well informed that I had a warrant and used known warrant to avoid depositions and/or to suppress the pursuit of justice." Dkt. 52 at 3. After he filed his motion, the Court granted summary judgment, dismissing his case. Dkt. 54. To the extent that Mr. Miller still asks that the Court impose sanctions to force Defendants to attend a deposition, the issue is moot.

A case or issue becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). "Federal courts lack jurisdiction to consider moot claims." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Here, Mr. Miller requests that the Court order depositions to take place in a case that is closed. The case was dismissed on November 14, 2024. Dkt. 54. The Court found that the officers had probable cause to arrest Mr. Miller and that none of his other constitutional rights were violated. Dkt. 54 at 6, 9, 11. Thus, there is no reason for further depositions to take place, and no grounds for this Court to grant Mr. Miller's motion.

Additionally, Mr. Miller has since appealed this Court's decision, thus depriving the Court of jurisdiction over the case. Dkt. 56. The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But this rule "is not absolute." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citation omitted). "It is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Id.* As such, collateral motions—those unrelated to the issues on appeal—can still be considered by the district court. *Id.*

But this motion is not collateral. Mr. Miller is requesting that this Court order discovery continue on the very claims that the Court held had no merit. *See generally* Dkt. 52 at 3; Dkt. 54. Even were the motion not moot, this Court would not have jurisdiction to decide this claim.

Mr. Miller's motion could alternately be construed as a motion for sanctions under Federal Rule of Civil Procedure 37. Rule 37(b) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Even if construed as a motion for sanctions under Rule 37,

ORDER DENYING MOTION FOR CONTEMPT AND CROSS-MOTION FOR SANCTIONS - 3

Mr. Miller's motion would fail. Defendants are correct that a "trusted representative" could not conduct the deposition for Mr. Miller. Dkt. 53 at 2. Under Rule 30, only a party to the action or their legal counsel may conduct a deposition. As Mr. Miller is proceeding pro se, he must conduct the deposition himself. He may not send a "trusted representative." Dkt. 53 at 2. Thus, Defendants did not err in refusing to continue with the deposition when they arrived and Mr. Miller was not present. There is no Rule 37 violation.

Accordingly, Mr. Miller's Motion for Contempt is DENIED.

**B.    Motion for Sanctions**

Defendants have cross-moved for sanctions under Federal Rule of Civil Procedure 11 and 26. Rule 11 authorizes courts to impose various sanctions to "deter baseless filings and curb abuses." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991). "A party violates Federal Rule of Civil Procedure 11(b) by . . . making claims or factual contentions without legal or evidentiary support." *Simmonds v. Credit Suisse Sec. (USA) LLC*, No. C12-1937-JLR, 2013 WL 2319401, at *2 (W.D. Wash. May 28, 2013). Rule 11 sanctions are "an extraordinary remedy" and thus "reserved for the rare and exceptional cases where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Lee v. Pow Ent., Inc.*, No. 20-55928, 2021 WL 5768462, at *2 (9th Cir. Dec. 6, 2021) (cleaned up).

Rule 11(c) authorizes the court to award sanctions subject to certain conditions. One such condition is the 21-day "safe harbor" laid out in Rule 11(c)(2). The rule clarifies that a "motion must [first] be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Defendants moved for sanctions on November 8, 2024. Dkt. 53. They provide no evidence that they abided by the 21-day safe harbor rule. *See generally id.* For this reason, their Rule 11 motion must be denied.

Additionally, to the extent that Defendants' motion relies on other Rules, such as Rule 26, the motion must be denied in the interests of justice. Under Rule 37(a)(5), the Court may order a payment of expenses. That is what Defendants request here. Dkt. 53 at 4. But the Court "must not order this payment if . . . circumstances make an award of expenses unjust." Mr. Miller is proceeding pro se. Though pro se litigants must follow the same rules of procedure that govern other litigants, it would be unjust here to impose monetary sanctions where Mr. Miller was not familiar with the Court's rules and only learned of the outstanding warrant the night before the deposition. Judgment has now been entered in Defendants' favor, and they suffered no prejudice from the canceled deposition. For these reasons, the motion must be DENIED.

### III. CONCLUSION

For these reasons, both the Motion for Contempt, Dkt. 52, and the Motion for Sanctions, Dkt. 53, are DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of January, 2025.

Tiffany M. Cartwright
United States District Judge